IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199-11** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **FERNANDO BELTRAN** | : | |

## **MEMORANDUM**

Presently before the court is the motion (Doc. 769) of defendant Fernando Beltran (hereinafter "defendant" or "defendant Beltran") to sever two counts of the second superceding indictment (Doc. 602) for a separate trial. For the reasons that follow, the motion will be denied.

**I.   Factual Allegations**

The second superceding indictment contains five separate counts against various permutations of the eleven defendants named therein. Count 1 charges all defendants with criminal conspiracy to distribute various controlled substances, and Count 2 charges ten defendants with distribution and possession with the intent to distribute cocaine hydrochloride. Defendant Beltran appears in both of these counts. Count 4 contains a forfeiture charge identifying twenty-two separate articles of property that all defendants allegedly derived from the substantive drug trafficking offenses. Paragraphs 21 and 22 of this count identify approximately $44,000 associated with defendant Beltran, which was seized from a Harrisburg, Pennsylvania post office box in late 2007.[1]  Count 5 charges defendant Beltran and

---

[1] Count 4 charges that amounts of $3,000 and $41,000 were seized from the post office box on October 29 and December 3, 2007, respectively.

co-defendant Antonio Avila ("defendant Avila") with escape from the Perry County Prison, where they were placed in pretrial detention after their arrest for the drug offenses.[2]  Defendant Beltran moves to sever the forfeiture charge for the $44,000 and the escape charge from the remaining counts of the indictment.  The parties have fully briefed the motion, which is now ripe for disposition.

## II.     Discussion

Defendant Beltran advances two grounds for severance.  First, he contends that the forfeiture and escape charges were improperly joined with the drug trafficking and conspiracy charges in Counts 1 and 2 (hereinafter "the underlying drug offenses").  Second, he contends that the court should sever the charges notwithstanding the propriety of joinder because he will suffer prejudice if all counts of the indictment proceed to trial simultaneously.  The court will address these issues *seriatim*.

### A.     Joinder of Offenses

"There is a preference in the federal system for joint trial of defendants who are indicted together."  Zafiro v. United States, 506 U.S. 534, 537 (1993).  Rule 8 of the Federal Rules of Criminal Procedure reflects this liberal joinder policy, allowing the government to advance multiple charges against multiple defendants in a single indictment.  United States v. Brown, No. 1:CR02-146-02, 2002 WL 32739530, at *3

---

[2]Count 3 charges two of Beltran's co-defendants with distribution and possession with intent to distribute cocaine base.  Beltran does not appear in this count.

(M.D. Pa. Dec. 17, 2002) (quoting United States v. Bullock, 71 F.3d 171, 174 (5th Cir. 1995)) ("Joinder of charges is the rule rather than the exception[,] and Rule 8 is construed liberally in favor of initial joinder."). Rule 8(a) permits joinder of several counts against a single defendant if the counts "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Similarly, Rule 8(b) authorizes joinder of multiple defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Rule 8(b) provides the applicable standard when one defendant of many named in an indictment challenges the joinder of the charges against him or her. United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) ("Rule 8(a) 'dealing with the joinder of offenses, applies only to prosecutions involving a single defendant[,]' and . . . in a multi-defendant case . . . 'the tests for joinder of counts and defendants is [sic] merged in Rule 8(b).'" (quoting United States v. Somers, 496 F.2d 723, 729 n.8 (3d Cir. 1974))).

The government may join multiple charged offenses if they share a factual nexus "aris[ing] out of a common series of acts or transactions." United States v. Brown, No. Crim. A. 07-0296, 2008 WL 161146, at *4 (E.D. Pa. Jan. 16, 2008) (citing United States v. Eufrasio, 935 F.2d 553 570 (3d Cir. 1991)); see also United States v. Gorecki, 813 F.2d 40, 41-42 (3d Cir. 1987). The movant bears the burden of establishing improper joinder. Brown,, 2002 WL 32739530, at *3; see also United

States v. DeLuca, 137 F.3d 24, 36 n.12 (1st Cir. 1998). A court addressing the propriety of joinder may consider the contents of the indictment, representations set forth in pretrial filings, and any offers of proof submitted by the government.[3] See Eufrasio, 935 F.2d at 567; United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992).

Under these principles, this court has upheld joinder of an escape charge with another offense that is "a logical predicate to [the] alleged escape, and the escape, in turn, the culminating act 'in the same series of acts.'" United States v. Walker, No. 1:07-CR-00263, 2008 WL 2247136, at *3 (M.D. Pa. May 30, 2008) (quoting FED. R. CIV. P. 8(b)). In United States v. Walker, law enforcement officials apprehended two co-defendants on drug possession and conspiracy charges common to both of them. 2008 WL 2247136, at *1. One of the defendants escaped custody and was subsequently arrested and charged with additional drug offenses committed during his flight from prosecution. Id. The government obtained one indictment setting forth all charges, and the non-escapee defendant moved to sever the escape and drug offenses unique to the co-defendant. Id. The court denied the motion, concluding that the actions of both defendants furthered a single drug conspiracy and that the escape resulted from a single, continuous progression of

---

[3]In the instant case, the government's brief in opposition describes the evidence it intends to present at trial in support of the escape and forfeiture charges. (See Doc. 824 at 4-7.) The court will construe this material as an offer of proof for purposes of the instant motion.

events related to that conspiracy. Id. at 3. Hence, an escape offense may be joined with the drug conspiracy charges from which it springs.

Courts of appeals that have confronted similar factual scenarios have likewise concluded that the government may join escape charges with underlying offenses if the two are closely related to one another. See, e.g., United States v. Turner, 134 F. App'x 17 (6th Cir. 2005) ("It is well established that a charge of escape or bail jumping and the underlying substantive offense are sufficiently connected to permit joinder under [Rule] 8(a)."). This nexus depends upon the temporal proximity between the two offenses, whether the defendant escaped to evade prosecution for the underlying offense, and whether the defendant was in custody for the underlying offense at the time of the flight. See, e.g., United States v. Coyazo, No. 98-5117, 1999 WL 999707, at *2 (10th Cir. Nov. 4, 1999) (concluding that an escape offense may be joined with an underlying offense if the two charges are "related in time, the motive for the flight was avoidance of prosecution, and the defendant's custody stemmed directly from the underlying substantive charges"); United States v. Gabay, 923 F.2d 1536, 1540 (11th Cir. 1991) (holding same with respect to bond jumping); United States v. Peoples, 748 F.2d 934, 936 (4th Cir. 1981) (same). Moreover, if the defendant allegedly escaped in furtherance an overarching conspiracy, the existence of the conspiracy warrants joinder of the escape with the associated offenses. Walker, 2008 WL 2247136, at *4; United States v. Thornton, 1 F.3d 149, 152-53 (3d Cir. 1994) (holding that all alleged acts performed in

furtherance of a conspiracy may be charged in a single indictment regardless of whether all defendants actually participated in each act).

Turning to the instant case, the escape and forfeiture charges against defendant Beltran are properly joined with the other counts of the indictment. The indictment alleges that defendant Beltran and his co-defendants participated in a conspiracy to distribute cocaine hydrochloride, cocaine base, and marijuana. (Doc. 602 at 1; Doc. 824 at 4-5.) In furtherance of the conspiracy, defendants Beltran and Avila often received large shipments of cocaine hydrochloride, which they distributed to other members of the conspiracy. (Doc. 824 at 5.) Such a transaction occurred under the clandestine surveillance of law enforcement officials on April 22, 2006. Defendants Beltran and Avila received approximately five kilograms of cocaine hydrochloride and were immediately apprehended. (Id. at 4.)

Officials later placed them in Perry County Prison for pretrial detention, where they soon encountered a prison employee whom they believed was sympathetic to their situation. (Id. at 5.) The employee was, in fact, cooperating with law enforcement officials. (Id.) Defendants Beltran and Avila informed the employee that they wished to obtain a cellular telephone to communicate with their co-conspirators.[4] (Id. at 6.) The employee agreed to procure a phone for $3,000. (Id.) They arranged for Beltran's sister and now co-defendant Hilaria Espinosa-

---

[4]Defendants Beltran and Avila, who are not fluent in English, relied upon another inmate not identified in the indictment as a translator during their conversations with the employee. (Doc. 824 at 5.)

6

Fuerte ("Espinosa-Fuerte") to deliver the money to a post office box in Harrisburg designated by the employee-informant, where it was seized on October 29, 2007. (Id.; Doc. 602 at 7.) The defendants received the phone, believing the transaction a success. Wiretaps of the phone subsequently recorded conversations between Beltran and Espinosa-Fuerte about plans for the escape and the flow of drugs through the conspiracy. (Doc. 824 at 7.)

Defendants subsequently solicited the same employee to arrange an escape for them, and the employee agreed to cooperate in exchange for $41,000.[5] (Id.) Espinosa-Fuerte shipped the money to the same post office box, where it was seized on December 3, 2007. (Id.; Doc. 602 at 7.) A subsequent search of the Espinosa-Fuerte's residence produced drug ledgers and firearms, after which she admitted to sending the cash in order to facilitate the later-foiled escape. (Doc. 824 at 7.)

This evidence demonstrates that the drug conspiracy tainted every aspect of the escape attempt and the seized funds. Espinosa-Fuerte used funds gained from the conspiracy to provide Beltran with a cellular telephone and facilitate his escape. This evidence suggests that the mailing of the $44,000 and Beltran's escape are the "culminating act[s]" in a series of events performed in furtherance of the underlying drug conspiracy using ill-gotten profits derived from it. Walker, 2008 WL 2247136, at *3. Accordingly, the escape and forfeiture charges are properly

---

[5]The indictment charges that *approximately* $41,000 was seized from the post office box, while the government's offer of proof states that the amount was $40,000.

7

joined with the remaining counts of the indictment under Rule 8(b) of the Federal Rules of Criminal Procedure.

### B.    Severance of Counts

Properly joined charges may nevertheless be severed pursuant to Rule 14 if the joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). A court should sever charges "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "[A] defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than evidence against the moving party." United States v. Lore, 430 F.3d 190, 205 (3d cir. 2005) (quoting Somers, 496 F.2d at 730). Rather, the defendant must demonstrate that "clear and substantial prejudice" would result if all counts of the indictment are jointly tried. United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). Clear and substantial prejudice exists if the jury would be unable "to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." Lore, 420 F.3d at 205 (quoting Davis, 397 F.3d at 182). Mere allegations of prejudicial joinder are insufficient to warrant severance, United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005), and separation of charges may be inappropriate if limiting instructions from the court can adequately manage the possibility that a jury might misuse evidence, Zafiro, 506 U.S. at 539 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures,

such as limiting instructions, often will suffice to cure any risk of prejudice."); Brown, 2002 WL 32739530, at *4.

In the instant matter, defendant Beltran asserts that joinder of the escape and forfeiture charges will prejudice him because a jury may wrongfully consider evidence against his co-defendants as probative of the escape attempt. He also argues that a jury might find him guilty of the escape charges by virtue of his association with his alleged co-conspirators or conclude that he would have no reason to escape absent participation in the underlying drug offenses.

None of these grounds warrant severance of the escape and forfeiture counts. The government's evidence indicates that Beltran, Avila, and Espinosa-Fuerte attempted to escape as a result of the drug conspiracy and in furtherance of it. As such, the government will likely introduce evidence of these offenses regardless of severance because they qualify as overt acts undertaken in furtherance of the conspiracy. This evidence will necessitate juror consideration of the interrelationship between the offenses and whether the escape was a component of the larger drug conspiracy. It therefore makes little sense to hold a separate trial on the escape charges that would simply duplicate portions of the evidentiary record presented at the trial for the underlying drug offenses.

A single trial is likewise appropriate because jurors will easily distinguish between the evidence applicable to Beltran's co-defendants and that which is probative of the escape charges. Whereas the drug offenses developed over the course of many months and implicate all defendants, the escape charge and

forfeiture of the $44,000 implicates only Beltran, Avila, and Espinosa-Fuerte during a discrete period of time in late 2007.  These charges pertain only the seizure at the Harrisburg post office and the events at the Perry County Prison.  A jury can readily separate these facts from those associated with the broader conspiracy, removing the risk that jurors may convict Beltran by inappropriately relying upon evidence applicable only to his co-defendants.  Limiting instructions regarding the proper use of evidence are sufficient to remedy any lingering risk of evidence misuse, and defendant remains free to request such instructions.  See Zafiro, 506 U.S. at 539.

Moreover, defendant Beltran has identified no evidence applicable to the underlying drug offenses that would result in actual, substantial prejudice to his rights at trial.  He argues that wiretaps of the cellular telephone calls he placed from prison would prejudice him if all charges proceed in a single trial.[6]  The wiretaps document numerous calls that he placed to then-unincarcerated co-defendant Espinosa-Fuerte and his wife, Virginia Adame ("Adame").  During the wiretapped

---

[6]Defendant's brief in support of the motion for severance argued that "at least one taped conversation between the government and other co-defendants in the drug and conspiracy charges . . . could significantly prejudice F. Beltran" but did not describe the content thereof. (Doc. 762 at 14.)  On November 4, 2008, the court instructed defendant to file a description of the allegedly prejudicial conversation under seal.  (See Doc. 876.)  The government was instructed to respond to the conversation, indicating whether it should remain sealed after disposition of the instant motion.  (Id.)  Defendant filed a summary of evidence in response to the court's order on November 12, 2008, (see Doc. 878), and the government has advised that there is no reason to maintain this filing under seal, (see Doc. 899 at 1 n.1.)  The court agrees and will direct that the defendant's summary of evidence (Doc. 878) be unsealed.

conversations, Beltran discussed the status of the escape plans with Espinosa-Fuerte and Adame, (Doc. 878, Ex. A at 4-5, 7, 11-12, 16; Doc. 878, Ex. B at 8), and he informed Espinosa-Fuerte that co-defendant Amauris Sanchez, allegedly a significant supplier of cocaine to the drug conspiracy, planned to accompany him to Mexico after the escape, (Doc. 878, Ex. A at 8).  Defendant Beltran arranged for Espinosa-Fuerte to deliver the $44,000 seized from the post office box as compensation for the cellular telephone and the prison employee's assistance with the escape.  (Id. at 10; Doc. 878, Ex. B at 4-5, 8.)  Espinosa-Fuerte recounted her difficulties obtaining the requested funds, noting that the conspiracy had lost a large drug shipment in mid-November 2007, likely due to a law enforcement seizure.  (Doc. 878, Ex. B at 7-10.)  Ultimately, however, she obtained the funds and sent them to the post office box.

This series of conversations will not prejudice defendant Beltran if the government introduces it at trial.  The conversations illustrate the interrelationship between Beltran and Avila's escape attempt and the drug conspiracy.  The recordings support an inference that the conspiracy furnished the funds for the escape, that Beltran desired to flee to Mexico, and that the purpose of the escape was to avoid criminal liability for the underlying drug offenses.  A jury may reasonably conclude that this evidence is probative both of the escape and of the overt acts undertaken in furtherance of the overarching conspiracy.  Hence, defendant Beltran has failed to identify any facet of the conversations that would result in clear and substantial prejudice to him at a joint trial for all offenses.

Defendant's motion for severance demonstrates merely that the likelihood of his acquittal increases if he receives separate trials on the drug and escape charges. This attempt to establish prejudice is insufficient to satisfy the "heavy burden" that a defendant bears on a motion to sever. Urban, 404 F.3d at 775 ("[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." (quoting Zafiro, 506 U.S. at 540)). Defendant Beltran has therefore failed to establish clear and substantial prejudice in support of his motion for severance.

### III.  Conclusion

The government has properly joined the escape and forfeiture charges with the underlying drug offenses alleged in the indictment. Defendant has failed to establish that joinder will result in clear and substantial prejudice to his rights at trial. Accordingly, the motion to sever will be denied.

An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      December 3, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199-11** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **FERNANDO BELTRAN** | : | |

## **ORDER**

AND NOW, this 3rd day of November, upon consideration of defendant's motion to sever (Doc. 769) the escape and forfeiture charges against him from the remaining counts of the indictment, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to sever (Doc. 769) is DENIED.

2. The Clerk of Court is instructed to UNSEAL defendant's summary of evidence (Doc. 878) filed on November 12, 2008.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge